## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| Mirna Yadira Martinez Martinez, | ) | Case No. 4:23-cv-400 |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | PLAINTIFF DEMANDS |
|  | ) | TRIAL BY JURY |
| Juan Ordaz | ) |  |
| d/b/a Ordaz Painting | ) |  |
|  | ) |  |
| Defendant. | ) |  |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

### COMPLAINT

Plaintiff, Mirna Yadira Martinez Martinez ("Plaintiff"), by and through their attorney, James M. Dore, complain against Juan Ordaz dba Ordaz Painting ("Defendant" or "Ordaz"). In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Fort Worth, Texas; and he was employed by Ordaz.

3. Ordaz is a person doing business as a sole-proprietorship that is located, headquartered, and conducts business in Grandbury, Texas. On information and

belief, Ordaz is a resident of Arlington, Texas.

4. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

5. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Northern District of Texas because all underlying facts and transactions occurred in or about Hood County, Texas.

## Facts Common To All Claims

7. Ordaz is an "employer" as that term is defined in Section 203 of the FLSA, because it is a sole-proprietorship for-profit business.

8. Ordaz is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Defendant's d/b/a "Ordaz Painting "; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA

9. Plaintiff reincorporates by reference Paragraphs 1 through 8, as if set forth in full herein for Paragraph 9.

10. Plaintiff began working at Defendants in or before October 2022 through January 18, 2023.

11. At all times, Plaintiff held the same position with Defendants, she was a labor. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform security detail including painting, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

12. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

13. Plaintiff was paid their wages on a(n) daily basis.

14. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

15. Plaintiff's rate of pay was $140 per day or $14 per hour.

16. Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

17. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

18. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

19. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $2,240.oo in unpaid wages; (ii) liquidated damages of

$2,240.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.

A calculation of Plaintiff's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Mirna Yadira Martinez Martinez respectfully requests entthat the Court enter a judgment in their favor and against Defendant Juan Ordaz d/b/a Ordaz Painting, for:

   A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,240.00;

   B. An award liquidated damages in an amount equal to at least $2,240.00;

   C. A declaration that Defendants violated the FLSA;

   D. An award reasonable attorneys' fees and costs; and

   E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT II: VIOLATION OF TEXAS REVISED CODE CHAPTER 61 SECTION 61.051**

20. Plaintiffs incorporates by reference Paragraphs 1-19, as if set forth in full herein for this Paragraph 20.

21. This count arises from Defendants' violation of the Texas Revised Code, by failing to pay Plaintiff earned wages.

22. Defendant's failure to pay Plaintiff the Texas mandated earned commission wage is a violation of the Texas Labor Code.

23. Pursuant to the Texas Labor Code, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $5,880.00.

24. In additional Defendants' violation of the Texas Revised Code was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the Texas Labor Code totaling $5,880.00.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in their favor and against Defendant Juan Ordaz dba Ordaz Painting, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $5,880.00.

B. An award liquidated damages in an amount equal to at least $5,880.00;

C. A declaration that Defendants violated the Texas Labor Code;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

_____  s/  James M. Dore

**Justicia Laboral LLC**
**James M. Dore**
Texas Bar No. 24128272
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**Plaintiff requests trial by jury for all counts where allowed**