IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MIRNA YADIRA MARTINEZ MARTINEZ,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:23-cv-00400-O |
| § | |
| **JUAN ORDAZ d/b/a ORDAZ PAINTING,** § § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55, filed on February 2, 2024. ECF No. 28. By Order dated February 5, 2024, United States District Judge Reed O'Connor referred the Motion to the undersigned for hearing, if necessary, and final determination under 28 U.S.C. § 636(b). ECF No. 29. Having considered the Motion, briefing, appendices, and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion, as default judgment is not procedurally warranted.

**I.     BACKGROUND**

This case involves allegations that Defendant violated the Fair Labor Standards Act and the Texas Labor Code by failing to pay overtime wages owed. ECF No. 1. However, there have been ongoing issues relating to service on Defendant that ultimately preclude default judgment.

First, Defendant was issued a summons on April 24, 2023, but the summons was returned unexecuted. ECF No. 6, 7. Specifically, Sylvia Marie Zavala attempted service on April 26, 2023 at an 1800 Jocyle Street address and diligently inquired with people in the vicinity about the Defendant's whereabouts, but she was unable to serve Defendant with the summons. ECF No. 7

at 1. She also attempted service on Defendant on June 5, 2023, at a 1406 Hadley Dr. address, and she diligently inquired with people in the vicinity about the Defendant's whereabouts, but she was unable to serve Defendant with the summons. ECF No. 8 at 1. Ms. Zavala made several similarly diligent attempts to serve the Defendant on July 15, 19, 21, and 22, 2023 at a "611 Chata. m Cir" address, but she was still unable to serve Defendant with the summons. ECF No. 9 at 1.

On August 10, 2023, Judge O'Connor ordered Plaintiff to provide proof of service on Defendant or file a motion for alternative service by August 24, 2023. ECF No. 10. Plaintiff responded to the order by recounting the difficulties faced while trying to serve Defendant but also conceding "that it should have advised the court of the service issues on or before the July 24, 2023, service deadline and requested an extension to serve process pursuant to FRCP 4." ECF No. 11 at 2. Plaintiff urged the Court to extend the time for service. ECF No. 12. On August 18, 2023, Judge O'Connor did so, ordering Plaintiff to "serve Defendants and file proof thereof no later than October 18, 2023." ECF No. 13.

On October 5, 2023, Plaintiff filed his first motion for substituted service. Plaintiff's counsel attested that in addition to the service attempts in June and July, the process server unsuccessfully attempted to serve Defendant at an 1101 S. Morgan St. address and left several voicemails with Defendant. ECF No. 14 at 11, ECF No. 20. "Plaintiff proposes to serve Defendant Juan Ordaz via certified mail and return receipt to 611 Chatman Cir. Arlington, TX 76014, where he was previously attempted and is believed Defendant resides and is avoiding service." ECF No. 14 at 4. Plaintiff also sought an extension of time. *Id.*

Judge O'Connor referred this motion to the undersigned on October 11, 2023. ECF No. 15. The undersigned ruled on Plaintiff's first motion for substituted service on October 13, 2023, finding that the motion "is ultimately unnecessary (and thus denied as moot) because 'mailing to

2

the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition' is a standard method of service under Rule 106(a) for which no motion for substituted service under Rule 106(b) is required." ECF No. 16 at 4. The Court also did not "find good cause to grant the Motion for Extension of Time, since it has no reason to believe that Plaintiff will be unable to appropriately mail the citation and petition to the stated address before October 18, 2023." *Id*. The Court ordered Plaintiff to either provide proof of service as to Defendant in accordance with Fed. R. Civ. P. 4, or file a motion for substituted service that proposed a method of service other than the ones provided in Texas Rule of Civil Procedure 106(a), on or before October 18, 2023. *Id*.

Plaintiff then moved for substituted service a second time on October 18, 2023 (ECF No. 17), and Judge O'Connor referred the motion to the undersigned on October 19, 2023. ECF No. 18. Before ruling on this motion, the undersigned requested additional briefing from Plaintiff on November 3, 2023 (ECF No. 19), which Plaintiff provided on November 13, 2023. ECF No. 21. The undersigned granted the motion for substituted service, writing:

> [B]ased on the November 2022 check, the Court ORDERS Plaintiff to mail a copy of the summons and complaint to 611 Chatam Cir., Arlington, TX 76014-1118 via regular mail and FedEx. The Court also ORDERS Plaintiff to make one last attempt at personal service to this address. Furthermore, since the check in question bears the logo of Texas Regional Bank, the Court also ORDERS Plaintiff to mail and FedEx a copy of the summons, complaint, and this Order to Texas Regional Bank at 3200 West 4th St., Fort Worth, TX 76107, in hopes that the bank has additional contact information for Mr. Ordaz and will notify him of this suit.

ECF No. 22 at 3. The deadline for these actions was December 9, 2023. *Id*.

On December 18, 2023, Plaintiff's counsel filed proof of service indicating that on November 21, 2023, he had taken the actions ordered above. ECF No. 23 at 3. However, he also filed an affidavit of non-service by Ms. Zavala relating to the final attempts at personal service at

3

611 Chatam Cir that took place in late November and early December of 2023. ECF No. 23 at 7. Most notably, on December 9, 2023, a woman named Sarahi Villa Gomez answered the door and said that Defendant moved out over a year ago. *Id*. Ms. Gomez told Ms. Zavala that she did not have a good address or cell phone number for Defendant. *Id*.

Accordingly, the Court is not convinced that Defendant has actually received notice of this lawsuit. As explained below, although the methods of service described above satisfy the Constitution, Rule 4 of the Federal Rules of Civil Procedure, and Texas Rule of Civil Procedure 106(b), the fact it is unclear whether Defendant has notice of the suit still makes it difficult for the Court to conclude that granting default judgment is procedurally warranted.

It is appropriate for the Court to rule on the issue of default judgment, however. On January 9, 2024, Plaintiff requested that the Clerk issue an entry of default against the Defendant. ECF No. 24. The Clerk did so on January 12, 2024. ECF No. 25. On January 26, 2024, Judge O'Connor ordered Plaintiff to file a motion for default judgment no later than February 9, 2024. ECF No. 27. Plaintiff did so on February 2, 2024 (ECF No. 28), and Judge O'Connor referred this motion to the undersigned on February 5, 2024. ECF No. 29. The motion for default judgment is now ripe for the Court's review. ECF No. 28.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or

otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default and the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(1-2). However, the Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id.*

Second, if default is procedurally warranted under *Lindsey*, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on

those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see generally Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."); *see* Fed. R. Civ. P. 55(b)(2) (noting courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

While the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . largely within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun*

*Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 (calling default judgments "draconian").

### III.   ANALYSIS

Under *Lindsey*, default judgment may be procedurally warranted based on six considerations. *See* 161 F.3d at 893. However, none of these considerations have been established in Plaintiff's favor.

For the first factor, material issues of fact may remain for Plaintiff's claims. *See Lindsey*, 161 F.3d at 893. Since Defendant has not participated in this suit, he has not disputed any material facts in this suit. If it were clear that Defendant had notice of the suit, this would suggest that there were no genuine disputes of material fact between the parties, and this factor would favor the Plaintiff. However, since it is unclear whether Defendant has notice of the suit, this factor is not established.

For the second factor, it is unclear whether the "substantial prejudice" requirement would undermine Plaintiff's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. This factor may support Plaintiff's entitlement to default judgment because Plaintiff may be prejudiced by Defendant's non-participation. *See United States v. Petra Corp.*, No. 3:22-CV-0930-B, 2023 WL 4374432, at *3 (N.D. Tex. July 6, 2023) (noting that the defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing the [participating party's] interests."). However, if Defendant never received notice of this lawsuit, then it may be unfairly prejudicial to enter default judgment against him. Therefore, this factor is not established.

The third, fourth, and fifth factors also do not clearly support default judgment. As for the third factor, the grounds of Defendant's default are not clearly established, given that Defendant may not have been actually served with process in this suit. *See Marusak v. Sema Constr.*, Nos.

7

4:21-cv-00475-P-BP, 4:21-cv-00646-P-BP, 2021 WL 5701495, at *2 (N.D. Tex. Nov. 15, 2021). It is unclear whether Defendant's non-participation in this suit is the result of a willful default or the result of simply never receiving notice of the suit, despite Plaintiff's undeniably diligent efforts to serve him. Likewise, the fourth factor is not established, given that it is unclear whether the default is due to evasion of service or to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. The fifth factor is not established because it is difficult to determine whether default would be "too harsh" without determining whether Defendant has received notice of the suit. *See id.*

Finally, for the sixth factor, the Court could feel "obliged to set aside the default upon motion from the defendant," given that it is unclear whether Defendant received notice of the suit. *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"); *Marusak*, 2021 WL 5701495, at *2 ("Sixth, the record suggests the Court could feel obligated to set aside a default judgment upon Sema's motion. As noted, it is unclear whether Sema received proper service of process."). Therefore, the sixth factor is not established, either.

Accordingly, since none of the *Lindsey* factors have been established, Plaintiff's claims do not survive the step-one analysis. *See Morelia*, 126 F. Supp. 3d at 813-14. This renders a step two analysis of the merits of Plaintiff's claims unnecessary. *See id.; see also Nishimatsu*, 515 F.2d at 1206.

## IV.   CONCLUSION

Because default judgment is not procedurally warranted, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion for Default Judgment Pursuant

to Federal Rule of Civil Procedure 55 (ECF No. 28).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 12, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

9