IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MIRNA YADIRA MARTINEZ MARTINEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00400-O |
| JUAN ORDAZ d/b/a ORDAZ PAINTING, | § § § § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Findings, Conclusions, and Recommendation (the "FCR") of the United States Magistrate Judge (ECF No. 30), filed on March 12, 2024, and Plaintiff's Objections (ECF No. 31), filed on March 21, 2024. After reviewing all relevant matters of record in this case *de novo*—including Plaintiff's specific objections—the Court determines that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court in accordance with 28 U.S.C. § 636(b)(1). Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 28) is **DENIED without prejudice** to the right of Plaintiff to properly serve process on Defendant. Plaintiff may renew the motion for default judgment upon filing proof of sufficient service on Defendant. To that end, the Court **ORDERS** Plaintiff to provide such proof of service showing effective notice or file an additional motion for alternative service by no later than **May 13, 2024**.

I.     **LEGAL STANDARD**

Federal Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion.

1

FED. R. CIV. P. 72(b)(2). An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984). A "district judge must only determine de novo any part of the magistrate judge's disposition that has been properly objected to," otherwise a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(b)(3).

## II. ANALYSIS

Plaintiff specifically objects to the FCR on the ground that "[t]he Magistrate Judge errored [sic] in adding conditions and terms to the substituted service" due to "not [being] convinced that Defendant has actually received notice of this lawsuit.'"[1] According to Plaintiff, "to require proof of actual notice upon substituted service would frustrate Rule 106(b)'s purpose of providing alternate methods for plaintiffs."[2] However, after conducting a *de novo* review, the Court's agrees with the Magistrate Judge that default judgment should be denied as procedurally unwarranted due to uncertainty as to whether Defendant has received effective notice of this lawsuit.[3]

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Without service of process, the complaint cannot proceed and should be dismissed. FED. R. CIV. P. 4(m); *Lozano v. Bosdet*, 693 F.3d 485, 488 (5th Cir. 2012). The plaintiff bears the burden of showing effective service of process. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). Federal law permits service by "following state law for serving a summons in an

---

[1] Pl.'s Objections 5, ECF No. 31 (cleaned up).
[2] *Id.* (quoting *State Farm Fire & Casualty Co. v. Costley*, 868 S.W. 2d 298 (Tex. 1993) (per curiam)).
[3] FCR 1, ECF No. 30.

action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

Under Texas law, substituted service exists to allow plaintiffs to effect service where proof of actual notice under Texas Rule of Civil Procedure 106(a) is impractical. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1992) (citing TEX. R. CIV. P. 106(a)). When substituted service occurs, it must strictly comply with the order authorizing it because the order "is the sole basis of authority authorizing substituted service." *Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet.). But even after strictly complying with the order authorizing substituted service, "[i]t is the responsibility of the one requesting service . . . to see that service is properly accomplished" and "that service is properly reflected in the record." *Primate Constr. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994) (per curiam) (citing TEX. R. CIV. P. 99(a)).

As the FCR observed, there is no doubt that Plaintiff has diligently attempted to serve Defendant since the filing of this lawsuit.[4] But these diligent efforts and strict compliance with the order authorizing substituted service are not enough on their own. Plaintiff must still comply with Rule 106(b)'s procedural requirement to serve process where Defendant "can *probably* be found." TEX. R. CIV. P. 106(b) (emphasis added). Although Plaintiff is correct that Rule 106(b) does not require actual notice,[5] this does not obviate the requirement that any motion for substituted service "list[] any location where the defendant can *probably* be found" so that effective notice is established. TEX. R. CIV. P. 106(b) (emphasis added). Otherwise, to allow a plaintiff to list any previous address where the defendant is *not* probably found would undermine "the core function of service . . . to supply notice of the pendency of a legal action . . . that affords the defendant a fair opportunity to answer." *Henderson*, 517 at 672.

---

[4] *Id.* at 8.
[5] Pl.'s Objections 5, ECF No. 31.

A review of the record reveals that Plaintiff has not demonstrated that Defendant can probably be found at the 611 Chatam Cir. address. *Cf. Carimi*, 969 F.2d at 1346 (reiterating that plaintiff bears the burden of showing effective service of process). To the contrary, the Affidavit of Non-service filed by the process service states that the woman who answered the door at the 611 Chatam Cir. address advised Defendant moved out over a year ago.[6] Additionally, the process service documented conversations with neighbors about whether they "knew if [Defendant] . . . lives there" at the 611 Chatam Cir. address.[7] None of those neighbors knew Defendant (a male) and one even said that she has "never seen a male there."[8] As a result, it does not appear that this address qualifies as Defendant's "usual place of abode" to comply with Rule 106(b)'s procedural requirement regarding effective notice of the lawsuit. *State Farm Fire & Cas. Co. v. Costley*, 868 F.2d 298, 298 (Tex. 1993) (per curiam).

Moreover, Plaintiff provides no other evidence that serving Defendant at the 611 Chatam Cir. address—as opposed to a different address—satisfies Rule 106(b)'s procedural requirement.[9] Thus, despite her diligent efforts at attempting to serve Defendant, Plaintiff still has not carried her burden of showing that "service is *properly* accomplished." *Primate Constr.*, 884 S.W.2d at 153. Because Plaintiff failed to meet her burden regarding proper service, the Magistrate Judge was

---

[6] Affidavit of Non-Service 7, ECF No. 23 (December 9, 2023 entry regarding service attempt).

[7] *Id.* (November, 27, 2023 entry regarding conversation with "Hispanic male" neighbor); *id.* (December 8, 2023 entry regarding conversation with "Caucasian female" neighbor named "Virginia").

[8] *Id.*

[9] In the case Plaintiff cites in support of her objection, the Texas Supreme Court determined that "other evidence" was "reasonably calculated to provide notice" of the lawsuit. *State Farm Fire & Cas. Co.*, 868 F.2d at 299. That evidence included "a copy of [the defendant's] insurance policy, authenticated by an affidavit of the claim's superintendent, which contained [the defendant's] mailing address; a copy of a letter sent by State Farm, to that same address, informing [the defendant] of the attorney State Farm had retained for his defense; and a copy of a letter sent to State Farm from [the defendant's attorney which contained specific references to the letter sent to [the defendant] by State Farm." *Id.* As a result, the Texas Supreme Court concluded there "was sufficient evidence to establish that notice sent to this address would be reasonably effective to give [the defendant] notice of the suit." *Id.* No comparable evidence was supplied by Plaintiff in this case.

correct to find that the uncertainty regarding whether Defendant has received effective notice of this lawsuit "makes it difficult for the Court to conclude that granting default judgment is procedurally warranted."[10] Therefore, the FCR correctly denied default judgment because "Plaintiff's claims do not survive the step-one analysis" under the test for granting default judgments.[11]

### III.  CONCLUSION

After conducting a *de novo* review and finding no error, the Magistrate Judge's Findings and Conclusions are correct and they are **ACCEPTED** as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 28) is **DENIED without prejudice** to the right of Plaintiff properly serving process on Defendant. Plaintiff may renew the motion for default judgment upon filing proof of sufficient service on Defendant. To that end, the Court **ORDERS** Plaintiff to provide such proof of service showing effective notice or file an additional motion for alternative service by no later than **May 13, 2024**. Failure to do so by this date may lead to dismissal of Plaintiff's claims for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED** on this **22nd day** of **April, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[10] FCR 4, ECF No. 30 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).
[11] *Id.* at 5, 7–8.